UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRIS A. PRITCHARD,<br><br>        Plaintiff,<br><br>    v.<br><br>AARON THOMPSON, HARMAN CONNECTED SERVICES, SAMSUNG ELECTRONICS,<br><br>        Defendants. | Case No. 2:22-cv-02838-JPM-tmp<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS AARON THOMPSON AND HARMAN CONNECTED SERVICE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM**

Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), Defendants Aaron Thompson ("Thompson") and Harman Connected Services, Inc. ("Harman") (collectively "Defendants") respectfully move for dismissal of all claims. Please take notice that pursuant to Local Rule 7.2(d), a hearing on the motion is requested because Defendants respectfully suggest that it will be helpful for the Court and for pro se plaintiff Chris A. Pritchard ("Plaintiff") to understand the several bases for the relief sought by the motion.

As set forth in the accompanying memorandum of facts and law, Plaintiff's Amended Complaint is procedurally and substantively infirm for primarily three reasons. *First*, patent venue is plainly lacking as the Amended Complaint has not (because it cannot) allege the prerequisites for patent venue under 28 U.S.C. § 1400(b) since no Defendant has any place of business in Tennessee, including in this District. *Second*, the Amended Complaint fails to adequately allege facts necessary to establish this Court's *in personam* jurisdiction over the

Defendants where neither Defendant is a resident of Tennessee nor has purposefully availed itself of the privileges of doing business in Tennessee. *And third*, Plaintiff's own factual allegations show that he cannot prevail on any of the intellectual property misappropriation or infringement claims, and that the common-law claims are pre-empted and otherwise not viable as a matter of law.

For these reasons, as more fully set forth in the accompanying memorandum of facts and law, Defendants respectfully request dismissal of all claims with prejudice.

Dated: February 6, 2023

Respectfully submitted,

DEFENDANTS AARON THOMPSON and
HARMAN CONNECTED SERVICES, INC.

By their attorneys,

/s/ Darryl M. Woo

Darryl M. Woo
California Bar No. 100513
(*pro hac vice*)
dwoo@goodwinlaw.com
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Huiya Wu
New York Bar No. 3892858
(*pro hac vice*)
hwu@goodwinlaw.com
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: +1 212 459 7270

Matthew R. Ginther
Tennessee Bar No. 036377
mginther@goodwinlaw.com

GOODWIN PROCTER LLP
1900 N. Street, N.W.
Washington, DC 20009
Tel: +1 202 346 4000

## LOCAL RULE 7.2(d) STATEMENT

Pursuant to Local Rule 7.2(d), counsel for Aaron Thompson and Harman Connected Services, Inc., respectfully request that the Court provide the parties an opportunity to be heard on the present Motion.  The Motion presents a number of legal and factual issues on which counsel believes the Court will benefit from oral argument.

/s/ Darryl M. Woo

Darryl M. Woo
California Bar No. 100513
(*pro hac vice*)
dwoo@goodwinlaw.com
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, I caused to be served the foregoing motion and all attachments on Plaintiff Chris A. Pritchard by e-mail, a means of service that Plaintiff Chris A. Pritchard has consented to in writing pursuant to Fed. R. Civ. P. 5(b)(2)(F).

/s/ *Darryl M. Woo*

Darryl M. Woo
California Bar No. 100513
(*pro hac vice*)
dwoo@goodwinlaw.com
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041