IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRIS A. PRITCHARD, )<br>  )<br>　Plaintiff, )<br>  )<br>v. )<br>  )<br>AARON THOMPSON, HARMAN )<br>CONNECTED SERVICES, and SAMSUNG )<br>ELECTRONICS, )<br>  )<br>　Defendants. ) | Case No. 2:22-cv-02838-JPM-tmp |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is the Report and Recommendation filed by United States Chief Magistrate Judge Tu M. Pham on August 3, 2023. (ECF No. 34.) That Report and Recommendation was filed with respect to Defendants Aaron Thompson's ("Mr. Thompson") and Harman Connected Services' ("Harman") Motion to Dismiss, filed on February 6, 2023.[1] (ECF No. 20.) The Chief Magistrate Judge submits that Defendants' Motion to Dismiss should be granted. (ECF No. 34 at PageID 280.)

Plaintiff Chris A. Pritchard ("Mr. Pritchard") filed a timely Objection on August 16, 2023. (ECF No. 36.) Defendant filed a timely Response to Plaintiff's Objections on August 30, 2023. (ECF No. 38.)

---

[1] Defendant Samsung Electronics has not been served. (See ECF No. 35.) Samsung is a South Korean entity based in Seoul, South Korea. (Id. at PageID 309.) Plaintiff intends to serve Samsung Electronics in accordance with the Hague Service Convention. (Id.; see also ECF No. 37.) For this reason, the instant Order pertains only to Plaintiff's claims against Mr. Thompson and Harman.

For the reasons discussed below, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation in its entirety.

I. BACKGROUND

a. Factual Background

"We construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." Parrino v. Price, 869 F.3d 392, 397 (6th Cir. 2017) (citing Robbins v. New Cingular Wireless PCS, LLC, 854 F.3d 315, 318 (6th Cir. 2017); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Chief Magistrate Judge accurately summarized Plaintiff's well-pleaded factual allegations in his Report and Recommendation. (ECF No. 34 at PageID 280–84.) The Court will highlight the most pertinent facts here.

Plaintiff is an inventor domiciled in Germantown, Tennessee. (ECF No. 18 at PageID 64.) Plaintiff holds design patent US D 904,256 S, issued on December 8, 2020, and utility patent US 11,558,584 B2, issued on January 17, 2023, for a dashcam with artificial intelligence capabilities. (Id. at PageID 65.) Plaintiff emailed Mr. Thompson, the Senior Platform Director at Harman and a resident of Brighton, Michigan, regarding manufacturing his invention. (Id. at PageID 264–66.) Harman is a wholly-owned subsidiary of Samsung Electronics Co., Ltd. ("Samsung"), a South Korean entity based in Seoul, South Korea. (Id. at PageID 65.) Harman is a Delaware corporation headquartered in Mountain View, California. (ECF No. 20 at PageID 99.) Plaintiff and Mr. Thompson discussed Plaintiff's prototype and a non-disclosure agreement, and Plaintiff shared design specifications. (ECF No. 18 at PageID 66–68.) Plaintiff discovered "an exact replica of Plaintiff's product" on Harman's website in June of 2022. (Id. at PageID 68.)

### b. Procedural Background

The Chief Magistrate Judge summarized the procedural background of the instant case as follows:

> [Mr.] Pritchard filed suit in this district court on December 9, 2022. (ECF No. 1.) He filed an amended complaint on January 23, 2023. (ECF No. 18.) In his amended complaint, Pritchard brings eleven counts: 1) trade secret misappropriation; 2) infringement of U.S. Patent No. US 11,558,584 B2; 3) infringement of U.S. Patent No. D904,258 S; 4) breach of implied duty of good faith and fair dealing; 5) declaratory judgment; 6) fraud – intentional misrepresentation; 7) fraud – concealment; 8) promissory fraud; 9) negligent misrepresentation; 10) breach of contract; and 11) tort of another. (Id.)
>
> Harman and [Mr.] Thompson filed the present Motion to Dismiss on February 6, 2023. (ECF No. 20.) The defendants argue that this court lacks personal jurisdiction and is not the proper venue for these claims. (Id.) They further assert that Pritchard has failed to state a claim upon which relief can be granted. (Id.) [Mr.] Pritchard responded on April 5, 2023, arguing that because Harman has a registered agent in Tennessee, it is subject to the court's jurisdiction here. (ECF No. 28.) In his supplemental brief, Pritchard also contends that because Harman formerly had an automotive plant in West Tennessee, venue for the patent claims is proper in this district. (ECF No. 33 at PageID 272.) Pritchard alleges that the plant in question, which shut down operations in the year 2000, is "permanently bound in perpetuity by an Environmental covenant regulated by the EPA." (Id. at PageID 275.)

(ECF No. 34 at PageID 283–84.)

### II. LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no

specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless"). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See id. at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

### III.   ANALYSIS

#### a. Motion to Dismiss as to Harman

Plaintiff objects that Harman is subject to personal jurisdiction in the Western District of Tennessee. (ECF No. 26 at PageID 312.) He specifically argues that an EPA clean-up site located at a former Harman plant in Bolivar, Tennessee creates sufficient contacts to subject the company to general jurisdiction. (Id.)

Plaintiff argued in his supplemental brief that the presence of the closed plant in Bolivar, Tennessee meant that the Western District of Tennessee was a proper venue for a patent suit, not that it created general jurisdiction over Harman. (ECF No. 33 at PageID 275.) "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Burley v. Miller, 241 F. Supp. 3d 828, 840 (E.D. Mich. 2017) (citing Ward v. United States, 208 F.3d 216, *1 (6th Cir. 2000)). "[A]bsent compelling reasons, [the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*,] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a

4

different theory to the district court would frustrate the purpose of the Magistrates Act." Greenhow v. Secretary of Health & Human Servs., 863 F.2d 633, 638–39 (9th Cir. 1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992), cert. denied, 507 U.S. 978 (1993). The Court will not consider arguments raised for the first time in Plaintiff's objections.

Because no proper objections were filed regarding Defendant's Motion to Dismiss as to Harman, the Court reviews the Report and Recommendation for clear error. Fed. R. Civ. P. 72(b)(3). Upon full review of the Magistrate Judge's Report and Recommendation, the Court has not identified any clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED**. The instant Motion to Dismiss is **GRANTED** as to Harman.

### b. Motion to Dismiss as to Thompson

Plaintiff offers no specific objection to the Chief Magistrate Judge's finding that the Court lacks both general and specific jurisdiction over Mr. Thompson. (See generally ECF No. 36.) Plaintiff generally objects that Mr. Thompson is subject to general jurisdiction in the Western District of Tennessee. (Id. at PageID 312.)

Because no clear or specific objections were filed regarding Defendant's Motion to Dismiss as to Mr. Thompson, the Court reviews the Report and Recommendation for clear error. Fed. R. Civ. P. 72(b)(3). Upon full review of the Magistrate Judge's Report and Recommendation, the Court has not identified any clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED**. The instant Motion to Dismiss is **GRANTED** as to Mr. Thompson.

### c. Transfer

Plaintiff requests that the Court transfer the instant case to the Eastern District of Michigan in his Objection.  (ECF No. 36 at PageID 312–13.)

"The district court of a district in which is filed a case laying venue in the wrong division or district shall . . . if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C.A. § 1406.  "The Supreme Court's decision in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), expressly included the lack of personal jurisdiction as one of the procedural hurdles that can be remedied by a § 1406 transfer."  Flynn v. Greg Anthony Constr. Co., 95 F. App'x 726, 739 (6th Cir. 2003).  "The decision of whether to dismiss or transfer is within the district court's sound discretion."  First of Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998).  The interest of justice "may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities."  Goldlawr, 369 U.S. at 467.  This is especially true in the case of a pro se plaintiff.  See, e.g., Kodjo v. Tyson Foods, No. 3:13-00679, 2014 WL 346818, at *1 (M.D. Tenn. Jan. 30, 2014); see also Fam v. Bank of Am. NA (USA), 236 F. Supp. 3d 397, 408 (D.D.C. 2017) (collecting cases).

However, transfer would not be appropriate given the circumstances of the instant case.  28 U.S.C. § 1406 only permits the Court to transfer a case "to a district where venue would have been proper in the first instance."  Thompson v. Greenwood, 507 F.3d 416, 421 (6th Cir. 2007).  From the pleadings in the instant case, it is not clear that the Eastern District of Michigan was the proper venue in the first instance.  (See generally ECF No. 31 (ordering the Parties to brief the issue of where proper venue would lie); ECF Nos. 32, 33 (offering no proper venue in which the instant suit could be brought against all Parties).)  It is therefore

appropriate to dismiss Mr. Thompson and Harman.  Transferring the instant case to another potentially improper venue would not be in the interest of justice and would be contrary to the principle of judicial economy.

### IV.    CONCLUSION

The Court **ADOPTS** the Report and Recommendation of the Chief Magistrate Judge. Accordingly, Mr. Thompson's and Harman's Motion to Dismiss is **GRANTED**.

**SO ORDERED**, this 6th day of September, 2023.

 /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE