```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```
_____

| | |
|---|---|
| **CHRIS A. PRITCHARD,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 22-cv-2838-JPM-tmp |
| | ) |
| **AARON THOMPSON, HARMAN** | ) |
| **CONNECTED SERVICES, and** | ) |
| **SAMSUNG ELECTRONICS,** | ) |
| | ) |
|     Defendant. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

On December 9, 2022, Chris A. Pritchard filed a complaint in the Western District of Tennessee against defendants Aaron Thompson, Harman Connected Services ("Harman"), and Samsung Electronics ("Samsung"), alleging patent infringement and claims related to trade secret misappropriation. (ECF No. 1.) He filed an amended complaint on January 23, 2023. (ECF No. 18.) Samsung is a South Korean entity based in Seoul, South Korea. (Id. at PageID 65.) To date, Samsung has not yet been served. (ECF No. 20-1 at PageID 97.) Pritchard mistakenly served a different entity on December 29, 2022. (ECF No. 9.) He informed Thompson and Harman that he intended to serve Samsung under the Hague Service Convention, which these defendants mentioned in their Motion to Dismiss filed on February 6, 2023. (ECF No. 20-1 at PageID 97.)

On June 13, 2023, Pritchard represented in a filing in connection with the Motion to Dismiss that "Samsung has been duly served but has ignored service." (ECF No. 33 at PageID 271.) Due to the uncertainty regarding the status of service as to Samsung, the undersigned ordered Pritchard to "show cause why Samsung should not be dismissed from the case for failure to serve within fourteen days of this order" on August 8, 2023. (ECF No. 35 at PageID 310.) Pritchard responded to the order on August 22, 2023, explaining that he was unable to serve Samsung under the Hague Service Convention. (ECF No. 37 at PageID 316.) Pritchard requested that the court provide a three-month extension for service and that "a designated appropriate official of the Court authorized to serve under Hague, may state the position of the Plaintiff . . ." (Id. at 317.) In the alternative, Pritchard requested that the court "transfer to the district in which Court deems appropriate and upon transfer, carry over Samsung Electronics as a Defendant." (Id.)

The Hague Service Convention is a multilateral international treaty ratified by approximately twenty-five countries and acceded to by several others. See Fed. R. Civ. P. 4, 28 U.S.C.A. at 130–145 (West Supp. 1989). "[T]he Republic of Korea ('South Korea') and the United States are signatories to the Hague Convention." Allstate Ins. Co. v. Hewlett-Packard Co., No. 1:13-CV-02559, 2016 WL 613571, at *3 (M.D. Pa. Feb. 16, 2016). As the Supreme Court

has recognized, at the Conference in which the treaty was drafted, the Conferees sought to provide a "simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698 (1988); Convention Done at the Hague Nov. 15, 1965 preamble, Feb. 10, 1969, 20 U.S.T. 361, T.I.A.S. No. 6638. This treaty applies in all civil or commercial cases "where there is occasion to transmit a judicial or extrajudicial document for service abroad"; establishes a central authority to receive service of documents; and requires the papers served by the central authority to be written in or translated into one of the official languages of the nation addressed. Convention Done at the Hague Nov. 15, 1965 arts. 1, 2, 5, Feb. 10, 1969, 20 U.S.T. 361, T.I.A.S. No. 6638; see also Lyman Steel Corp. v. Ferrostaal Metals Corp., 747 F. Supp. 389, 399 (N.D. Ohio 1990). Defendants ordinarily must be served within ninety days after the complaint is filed, but that deadline "does not apply to service in a foreign country under Rule 4(f)." Fed. R. Civ. P. 4(m); Gamboa v. Ford Motor Co., 414 F. Supp. 3d 1035, 1041 (E.D. Mich. 2019), opinion modified on reconsideration, No. CV 18-10106, 2019 WL 8378038 (E.D. Mich. Nov. 15, 2019), objections overruled, No. 18-10106, 2020 WL 7021690 (E.D. Mich. Nov. 30, 2020). Without guidance from the text of Rule 4, "there is a considerable difference of opinion among circuits

regarding what — if any — time limits apply to service of process on a foreign defendant." Gamboa, 414 F. Supp. 3d at 1041 (quoting Harris v. Orange S.A., 636 F. App'x 476, 485 (11th Cir. 2015)).

However, in deciding whether to grant additional time, courts consider factors including whether the plaintiff has been "dilatory" in their attempts to serve the intended party. Ballo v. Samsung Elecs. Am., Inc., No. 17-11159, 2017 WL 11685170, at *5 (E.D. Mich. Oct. 31, 2017). Pritchard appears to have first expressed his intentions to serve Samsung "via the Hague Convention" prior to February 6, 2023, when the now-dismissed defendants referenced a conversation with him about it in their Motion to Dismiss. (ECF No. 20-1 at PageID 97.) Thus, Pritchard was fully aware of the need to serve this foreign defendant under the Hague Service Convention before that date. He filed the instant request in mid-August, meaning he had at least seven months to prepare to serve Samsung properly. Pritchard does not indicate in the present filing that he has made any attempts since February to serve Samsung and does not explain why he did not raise the difficulties in serving Samsung until August. The undersigned finds that, though courts typically grant extensions to allow for extra time for service to comply with the Hague Service Convention, because Pritchard has been dilatory in his attempts to do so, no extension is warranted here. Additionally, a transfer of venue is not appropriate given the dismissal of all other defendants in

this case. Thus, the undersigned recommends that Pritchard's claims as to Samsung be dismissed without prejudice due to untimely service.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 1, 2023
Date


**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**