IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRIS A. PRITCHARD, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No. 2:22-cv-02838-JPM-tmp |
| v. ) | |
| ) | |
| AARON THOMPSON, HARMAN ) | |
| CONNECTED SERVICES, and ) | |
| SAMSUNG ELECTRONICS ) | |
| ) | |
|     Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING DEFENDANT SAMSUNG ELECTRONICS**

Before the Court is the Report and Recommendation filed by United States Chief Magistrate Judge Tu M. Pham on November 1, 2023. (ECF No. 40.) That Report and Recommendation was filed with respect to Magistrate Judge Pham's Order to Show Cause. (ECF No. 35.) That Order required Defendant Chris A. Pritchard ("Pritchard" or "Plaintiff") to show cause why Samsung should not be dismissed for failure to serve, given that Pritchard mistakenly served a different entity on December 29, 2022 and there was no indication on the present docket that Samsung had been properly served since. (Id.) Pritchard filed a response on August 22, 2022, requesting, *inter alia,* a three month extension on Hague service so that "a designated appropriate official of the Court authorized to serve under Hague[] may state the position of the Plaintiff" or, alternatively, "a transfer to the district in which the Court deems appropriate and upon transfer, carry over Samsung Electronics as a Defendant." (ECF No. 37 at PageID 317.) Judge Pham's

Report and Recommendation was filed on November 11, 2023.  (ECF No. 40.)  Plaintiff did not file an objection.

## I.  LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  FED R. CIV. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72(b) Advisory Committee Notes.  The "failure to properly file objections constitutes a waiver of appeal."  Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## II.  PROCEDURAL BACKGROUND

Pritchard filed suit on December 9, 2022.  (ECF No. 1.)  He filed an amended complaint on January 23, 2023.  (ECF No. 18.)  Two weeks later, Defendants Aaron Thompson and Harman Connected Services filed a Motion to Dismiss.  (ECF No. 20.)  On September 6, 2023, following extensive briefing before the Magistrate Judge, the Court adopted the Magistrate Judge's Report and Recommendation on the Motion to Dismiss, granted the Motion as to both Aaron Thompson and Harman Connected Services, and found that "transferring the instant case to another potentially improper venue would not be in the interest of justice and would be contrary to the principle of judicial economy."  (ECF No. 39.)  Samsung Electronics has not appeared, and is the only remaining Defendant.

## III.  ANALYSIS

Samsung Electronics ("Samsung") is a South Korean entity.  (ECF No. 18 at PageID 65.)  As the Magistrate Judge describes in his Report and Recommendation, Samsung has yet to be served:

Pritchard mistakenly served a different entity on December 29, 2022.  (ECF No. 9.)  He informed Thompson and Harman that he intended to serve Samsung under the Hague Service Convention, which these Defendants mentioned in their Motion to Dismiss filed on February 6, 2023.  (ECF No. 20-1 at PageID 97.)[1]  On June 13, 2023, Pritchard represented in a filing in connection with the Motion to Dismiss that "Samsung has been duly served but has ignored service."  (ECF No. 33 at PageID 271.)

(ECF No. 40 at PageID 339-40.)  After the Order to Show Cause was filed, Pritchard admitted that he had not served Samsung, reiterated the arguments underlying his (since-rejected) Objection to the Report and Recommendation for Dismissal, and requested an extension.[2]  (ECF No. 37.)

Because no objections to the Report and Recommendation for Dismissal of Samsung have been filed, the Court reviews the Report and Recommendation for clear error.  FED. R. CIV. P. 72(b)(3).  Upon full review of the Magistrate Judge's Report and Recommendation, the Court has not identified any clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED**.  Defendant's claims against Samsung Electronics are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 26th day of February, 2024.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE

---

[1] Defendants write that "Plaintiff also names as a defendant, "Samsung Electronics," an entity headquartered in South Korea ("Samsung.") [] Plaintiff mistakenly served a different U.S. entity and has informed Defendants that he intends to serve Samsung via the Hague Convention."  (ECF No. 20-1.)  Plaintiff does not dispute anywhere in his submittals that he made these representations to Defendant.

[2] Pritchard also argues, "address[ing] the show cause order[,]" that "under U.S. Law and Federal Rules of Civil Procedure a pro [s]e party is not permitted to serve a summons and complaint under the rules of civil procedure of the state or federal court where the case is pending [and] a pro se party is not a competent authority for purposes of transmitting a request for service under the Hague Service Convention."  (ECF No. 37 at PageID 316.)  Even construing these arguments as true, Pritchard could have sought the permission of the Court to engage in an alternate method of service under Federal Rule of Civil Procedure 4(f), but made no attempt to do so, instead continuing to represent to Parties and the Court that he would serve or had served Samsung under the Hague Convention.